IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 06-514 |
| v. | : | CIVIL ACTION NO. 24-1805 |
| DAVID TOOMER | : | |

<u>MEMORANDUM</u>

Juan R. Sánchez, J.                                                        May 23, 2024

      David Toomer has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Having completed both the term of imprisonment and the term of supervised release imposed in this case nearly a decade ago, Toomer challenges only his outstanding restitution order. Under Third Circuit precedent, however, this type of challenge is not cognizable under § 2255, both because a restitution order does not qualify as "custody" and because setting aside such an order does not constitute "release." For this reason, and because Toomer's challenges to the restitution order lack merit in any event, his § 2255 motion will be dismissed.

**BACKGROUND**

      In October 2006, Toomer pled guilty to an Information charging him with one count of mail fraud and two counts of healthcare fraud, in violation of 18 U.S.C. §§ 1341 and 1347. The charges against Toomer arose out of his involvement in a scheme to defraud the Crime Victims Compensation Assistance Program of Pennsylvania and insurance companies out of some $385,000. Gov't's Plea Mem. 1, ECF No. 20. Six months later, in April 2007, the Honorable Stewart Dalzell, to whom the case was then assigned, sentenced Toomer to 24 months of

imprisonment to be followed by three years of supervised release. Judgment 2-3, ECF No. 31. Toomer was also ordered to pay $175,000 in restitution and a $300 special assessment.[1] *Id.* at 4.

While on supervised release, Toomer committed new crimes. Following a hearing in May 2012, the Court revoked his supervised release and imposed a revocation sentence of 24 months' imprisonment to be followed by 12 months of supervised release. Order, May 18, 2012, ECF No. 44. On September 16, 2014, on the recommendation of the U.S. Probation Office, the Court ordered that Toomer's supervised release would be allowed to terminate on its natural expiration date of March 17, 2015, with an outstanding restitution balance remaining.[2] ECF No. 51 at 2. At the time, Toomer still owed the full restitution amount of $175,000. *See id.*

On April 26, 2024, Toomer filed the instant § 2255 motion, seeking to vacate the restitution order on grounds that it violates the Thirteenth Amendment, the "Fugitive Slave Clause Amendment," biblical principles regarding "release of debts" or "debt forgiveness," and the "Natural Rights Doctrine." *See* Mot. to Vacate 6-10, ECF No. 54. In a letter accompanying the motion, Toomer argues the restitution order is unjust given the economic inequalities and other systemic injustices faced by African Americans in our society, including the systemic biases inherent in our justice system. *See* ECF No. 54 at 1 (ECF pagination). He also argues that, as an individual reliant on SSI assistance due to disability, he cannot sustain the financial burden the restitution order imposes on him. *See id.* He asks the Court to vacate the restitution order so he may leave the United States and start over in another country. *See id.* at 3.

---

[1] In his plea agreement, Toomer agreed "to pay a fine and restitution as directed by the court," Guilty Plea Agreement ¶ 3, ECF No. 20-1, and acknowledged he understood "[f]ull restitution of as much as $175,000" would be ordered, *id.* ¶ 5.

[2] Although Toomer incurred a new arrest in December 2014, it did not impact the termination of his supervised release. *See* ECF No. 52 at 2.

**DISCUSSION**

28 U.S.C. § 2255 provides, in relevant part:

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Upon the filing of a § 2255 motion, the judge receiving it is required to "promptly examine" it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," to dismiss the motion with notice to the moving party.  Rule 4(b), Rules Governing Section 2255 Proceedings for the U.S. District Courts.  Because Toomer is not a prisoner "in custody" and does not claim "the right to be released" within the meaning of § 2255(a), and because his challenges to the restitution order lack merit in any event, his § 2255 motion will be dismissed.

The text of § 2255(a) "limit[s] *who* may bring a habeas petition by requiring that a prisoner be 'in custody' to bring a habeas petition" and "also limit[s] the type of *relief* that may be sought by requiring that a petition be brought by a petitioner 'claiming *the right to be released.*'"  *United States v. Norwood*, 49 F.4th 189, 206 (3d Cir. 2022) (quoting 28 U.S.C. § 2255(a)); *see also United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015) ("The plain text of section 2255 provides relief only to those prisoners who claim the right to be released from 'custody.'").  The concept of custody is not limited to physical confinement but also includes other "severe restraints on individual liberty."  *Ross*, 801 F.3d at 379 (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973) (emphasis omitted).  Custody includes those "restraint[s] on

3

individual liberty that [are] '(1) severe, (2) immediate (*i.e.*, not speculative), and (3) not shared by the public generally.'" *Duka v. United States*, 27 F.4th 189, 195 (quoting *Ross*, 801 F.3d at 379).

As noted, Toomer has long since completed his terms of imprisonment and supervised release in this case. He has also paid the $300 special assessment. The only component of his sentence that has not been discharged to date is the restitution order. Under Third Circuit precedent, however, "the monetary component of a sentence is not capable of satisfying the 'in custody' requirement of federal habeas statutes." *Ross*, 801 F.3d at 380; *see also Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) ("The payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes."). And a challenge to a restitution order is also not cognizable under § 2255 because "amending or setting aside a restitution order does not constitute any form of 'release.'" *Norwood*, 49 F.4th at 206. For these reasons, Toomer's § 2255 motion must be dismissed.

The Court also notes that even if Toomer could satisfy § 2255's custody requirement, his claims lack merit. Toomer argues that requiring him to pay restitution is akin to slavery and amounts to involuntary servitude, given his indigency and the wealth disparity between African Americans and Caucasians in this country, as recognized in H.R. 40, proposed legislation to establish a commission to study and develop reparation proposals for African Americans. *See* Mot. to Vacate 6-10, ECF No. 54. But the Court finds no legal basis on which to conclude the restitution order, imposed as part of his sentence for his fraud convictions, violates the Thirteenth Amendment. Nor are the remaining grounds on which Toomer challenges the restitution order—as violative of the Fugitive Slave Clause, biblical principles, and natural law—a proper basis for habeas relief.

5

Accordingly, Toomer's § 2255 motion will be dismissed.  Because Toomer has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

An appropriate Order follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, J.